**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL BARRY SHOR; NGUESSAN YAO,<br><br>Defendants,<br><br>IVORY COAST, AKA Republic of the Cote D'Ivoire,<br><br>Petitioner - Appellant. | No. 13-10642<br><br>D.C. No. 5:10-cr-00434-RMW-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>IVORY COAST, AKA Republic of the Cote D'Ivoire,<br><br>Petitioner - Appellant,<br><br>v. | No. 14-10115<br><br>D.C. No. 5:10-cr-00434-RMW-1 |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

MICHAEL BARRY SHOR; NGUESSAN YAO,

Defendants.

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted November 20, 2015
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and PARKER,** Circuit Judges.

Ivory Coast appeals the district court's award of summary judgment to the United States in an ancillary proceeding to adjudicate Ivory Coast's interest in $3,923,030 that Defendants Michael Barry Shor and N'Guessan Yao forfeited in a criminal case. We affirm.

1. Ivory Coast is not entitled to a constructive trust in the forfeited funds. Even when construing the evidence in Ivory Coast's favor, a reasonable fact finder could not conclude that Shor deceived Ivory Coast into believing the arms transaction was lawful. "A state is responsible for any violation of its obligations under international law resulting from action or inaction by . . . any organ, agency,

---

** The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

-2-

official, employee, or other agent of a government or of any political subdivision, acting within the scope of authority or under color of such authority." Restatement (Third) of Foreign Relations Law § 207 (1987). As the district court found, Defense Minister Michel Amani N'Guessan (Amani) knew that the arms transaction was illegal, and he acted under the color of his authority when he participated in the transaction. Ivory Coast, therefore, cannot establish that it was deceived into believing that the arms transaction was legal.

2. The *in pari delicto* doctrine "prevent[s] the return of money voluntarily paid to a government agent in an illegal transaction." *Kardoh v. United States*, 572 F.3d 697, 701 (9th Cir. 2009). Amani participated in the arms transaction, which he knew to be illegal, and Ivory Coast is vicariously liable for his actions. Accordingly, the *in pari delicto* doctrine bars Ivory Coast from recovering the money.

3. The Foreign Sovereign Immunities Act, 28 U.S.C. § 1609, does not prohibit the forfeiture in this case because, among other reasons, Ivory Coast does not have a property interest in the funds.

4. The district court did not abuse its discretion in denying Ivory Coast's request for additional discovery because the discovery sought would not have altered the grant of summary judgment.

**AFFIRMED.**